UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
CONTINENTAL INDEMNITY CO.,                    :

                          Plaintiff,                          :

            -v-                               :              20-CV-3479 (JMF)

BULSON MANAGEMENT, LLC, et al.,        :                ORDER

                      Defendants.                   :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Continental Indemnity Co. brings this action against Defendants Bulson Management, LLC, and Ri Xian Wang, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of Iowa and Nebraska. *See* ECF No. 1 ("Complaint"), ¶ 8. Plaintiff alleges that Defendants are citizens of New York. *See id.* ¶¶ 9-10.

       It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp.

2d 260, 334 n.17 (S.D.N.Y. 2010).  In the present case, the Complaint fails to do so.  In addition, it alleges only the business and residential addresses of Plaintiff and Defendants rather than their states of citizenship, as required for purposes of diversity jurisdiction.  *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **May 19, 2020**, Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising Bulson Management, LLC, as well as the citizenship of all individual parties.  If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party

SO ORDERED.

Dated: May 5, 2020
New York, New York

JESSE M. FURMAN
United States District Judge