```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                     :
CONTINENTAL INDEMNITY COMPANY,                       :
                                                     :
                          Plaintiff,                 :
                                                     :          20-CV-3479 (JMF)
            -v-                                      :
                                                     :          MEMORANDUM OPINION
BULSON MANAGEMENT, LLC and RI XIAN WANG,             :              AND ORDER
                                                     :
                          Defendants.                :
                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, Continental Indemnity Company ("Continental") sues Bulson Management, LLC ("Bulson") for breach of contract, fraud, and unjust enrichment, seeking damages and a declaratory judgment barring insurance coverage under Workers' Compensation and Employer's Liability Insurance Policy No. 46-277428-01-02 (the "Continental Policy"). ECF No. 11 ("Compl."), ¶¶ 1-7. On August 10, 2020, Continental moved for default judgment against Bulson. ECF No. 38. Now pending are two motions to intervene: one filed by Industria Superstudio Overseas, Inc., Industrial World LLC, Industria @ Sea, Inc., and Borgo Guglielmo, LLC (collectively "Industria") and the other by Massachusetts Bay Insurance Company ("MBIC"). For the following reasons, Industria's and MBIC's motions are DENIED.

## BACKGROUND

Under the Continental Policy, Continental provided Bulson with both workers' compensation insurance and employer's liability insurance from May 7, 2016, to May 7, 2017. Compl. ¶¶ 14-15. The terms of the Continental Policy required "complete and accurate payroll reporting [as] a material condition of continuing insurance coverage." *Id.* ¶ 18. On July 19, 2016, Ri Xian Wang fell off a ladder at a Brooklyn worksite owned by Industria and managed by Bulson

and "suffered serious injuries, including a spinal cord injury that caused complete paralysis in both arms and legs." *Id.* ¶¶ 22, 32.  Although Bulson had never disclosed Wang as one of its employees in the payroll reports that Bulson submitted to Continental on a weekly basis, Wang submitted a claim for workers' compensation benefits that asserted he was an employee of Bulson at the time of the accident.  *Id.* ¶¶ 23-24.

In an apparent effort to account for this discrepancy, Bulson represented to Continental that Wang was an employee of a Bulson subcontractor.  *Id.* ¶ 25. On the basis of this representation, Continental agreed to defend Bulson against Wang's workers' compensation claim before the New York State Workers' Compensation Board ("WCB"); the WCB, however, determined that Wang was, in fact, a Bulson employee, even though he had not been identified by Bulson as such in accordance with the Continental Policy.  *Id.* ¶¶ 25-28.  The WCB ultimately ordered either Bulson or Continental to pay Wang's worker's compensation benefits and ordered Continental to pay Wang's medical bills.  *Id.* ¶ 28.  "Continental has paid Wang's workers' compensation benefits and medical costs . . . under a full reservation of rights."  *Id.* ¶ 29.

Meanwhile, on October 28, 2016, Wang sued Industria in state court (the "Wang Litigation"), seeking damages in connection with the injuries he had sustained in the July 2016 accident at Industria's property.  Compl. ¶¶ 2, 22, 32; *see Wang v. 2939, LLC*, No. 519101/2016 (N.Y. Sup. Ct.).  On August 28, 2017, Industria impleaded Bulson in the Wang Litigation as a third-party defendant to enforce Bulson's obligations to defend and indemnify Industria and for breach of contract related to Bulson's failure to purchase appropriate liability insurance.  ECF No. 51-3 ¶¶ 29, 32, 34-35.  Continental, under a full reservation of rights, defends Bulson in the Wang Litigation, Compl. ¶ 34, which remains ongoing, *see* ECF No. 33-1 ("MBIC Mem."), at 2; *Wang*, No. 519101/2016.

On May 4, 2020, Continental filed the present lawsuit, alleging that Bulson had violated a material condition of its insurance coverage under the Continental Policy by failing to submit complete and accurate employee payroll reports — including by omitting Wang from those reports. Compl. ¶¶ 1-7.  Continental named both Bulson and Wang as defendants.  Neither Bulson nor Wang answered the complaint or have otherwise appeared in this action.  On July 6, 2020, the Clerk of Court issued a Certificate of Default as to Bulson, *see* ECF No. 19, a prerequisite to an anticipated motion by Continental for default judgment, *see* ECF Nos. 15, 22.  On July 31, 2020, MBIC, which is Industria's general liability insurance provider, moved to intervene as a defendant. ECF No. 33.  On August 5, 2020, Industria similarly moved to intervene.  ECF No. 35.  Industria and MBIC (together, "Movants") assert that the possibility of shared liability with Bulson in the Wang Litigation, their contractual relationship with Bulson, and their financial interest in the validity of the Continental Policy justify their intervention in this action.  *See* MBIC Mem. 4-7; ECF No. 53 ("Industria Reply"), at 14-16; ECF No. 54 ("MBIC Reply"), at 2-5.  On September 10, 2020, Continental voluntarily dismissed its claims against Defendant Wang.  *See* ECF No. 56.

## DISCUSSION

The Second Circuit has described intervention as "a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994)).  Rule 24 of the Federal Rules of Civil Procedure strikes this balance by providing potential intervenors with two ways to intervene: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b).  Intervention as of right protects the interests of a party where its interest would be impaired absent intervention.  *See, e.g.*, *Hartford Fire Ins. Co. v.*

3

*Mitlof*, 193 F.R.D. 154, 162 (S.D.N.Y. 2000).  Permissive intervention conserves judicial resources and streamlines litigation by allowing claims and defenses that share common questions of law or fact to be resolved in the same action.  *See, e.g.*, *Weller v. Actors' Equity Ass'n*, 93 F.R.D. 329, 330 (S.D.N.Y. 1981).  Movants seek to intervene under both theories.

**A. Intervention as of Right**

Under Rule 24(a)(2), a court must grant intervention if the movant can demonstrate that "(1) the application is timely; (2) 'the applicant claims an interest relating to the property or transaction which is the subject matter of the action . . . .'; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party."  *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) (quoting Fed. R. Civ. P. 24(a)(2)).  This test is conjunctive; that is, "[f]ailure to satisfy *any one* of these four requirements is a sufficient ground to deny the application."  *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006) (internal quotation marks and alteration omitted); *accord Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001).

Here, neither Industria nor MBIC satisfies Rule 24(a)'s second element.  "The term 'interest' in this context defies simple definition," yet the Second Circuit has observed that the interest must be "direct, as opposed to remote or contingent" and "significantly protectable."  *Restor-A-Dent*, 725 F.2d at 874.  "[A]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule.'"  *Mitlof*, 193 F.R.D. at 160 (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)).  Applying these principles, courts have denied motions to intervene where the movant's interests are contingent upon the outcome of pending or future litigation.  *See, e.g.*, *Wash. Elec. Coop., Inc.*, 922 F.2d at 97 ("[The proposed

4

intervenor]'s interest is based upon a double contingency: [the plaintiff] first must win a judgment against [the defendant], and the Board then must determine that ratepayers are entitled to a percentage of that recovery."); *Restor-A-Dent*, 725 F.2d at 875 (finding that the proposed intervenor's interest "depend[ed] upon two contingencies," a jury verdict and a finding "that [the proposed intervenor] [wa]s not responsible for indemnification of certain types of losses under the terms of the policy"). Courts also deny intervention in cases where the "resolution of th[e] action will not change the manner in which Movants are situated with respect to" the party the movants seek to intervene on behalf of. *Ill. Union Ins. Co. v. Acer Restoration LLC*, No. 20-CV-1086 (LGS), 2020 WL 5876248, at *3 (S.D.N.Y. Oct. 2, 2020).

These principles doom Movants' claims to intervention as of right. Movants contend that they have an interest in Bulson's ability to satisfy a potential judgment in the Wang Litigation. MBIC Mem. 5. This interest, however, "depends upon two contingencies," *Restor-A-Dent*, 725 F.2d at 875, in the Wang Litigation: the success of Wang's claims against Industria *and* the success of Industria's third-party claims against Bulson. This double contingency undermines Movants' argument that they have a direct and significantly protectable interest in this litigation. *See, e.g.*, *Am. Lung Ass'n v. Reilly*, 962 F.2d 258, 261 (2d Cir. 1992) (affirming a district court's denial of a motion to intervene in which the proposed intervenors' interest relied on a "'double contingency' of events"); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 315 F.R.D. 169, 175 (S.D.N.Y. 2016) (denying a motion to intervene premised on a double contingency); *Fed. Ins. Co. v. Kingsbury Props., Ltd.*, Nos. 90-CV-6211 (JMC), 90-CV-6357 (JMC), 1992 WL 316163, at *3 (S.D.N.Y. Oct. 21, 1992) ("The tort claimants' interest in this case is plainly contingent on both their ultimate success in the state tort action and their failure to satisfy this judgment against the insureds.").[1]

---

[1] Movants argue that they have interests analogous to those of the successful intervenors in *Certified Multi-Media Solutions, Ltd. v. Preferred Contractors Insurance. Co. Risk Retention Group LLC*, No. 14-CV-5227 (ADS) (SIL), 2015 WL 5676786 (E.D.N.Y. Sept. 24, 2015), and *UNI*

5

Additionally, the outcome of this litigation would not "change the manner in which Movants are situated with respect to" Bulson. *Acer Restoration LLC*, 2020 WL 5876248, *3; *see, e.g.*, *Golden Ins. Co. v. PCF State Restorations, Inc.*, No. 17-CV-5390 (BCM), 2018 WL 10593630, at *4 (S.D.N.Y. May 11, 2018) (finding that the proposed intervenor had a sufficient interest in an action that would determine whether the intervenor was responsible for a portion or the entirety of an insured's defense and indemnification); *Mitlof*, 193 F.R.D. at 160 (finding the intervening insurance company to have a sufficient interest in an action that would determine if its policy or the plaintiffs policy was "primary"). To be sure, the outcome of this litigation may, as a practical matter, impact Bulson's ability to pay any potential judgment in the Wang litigation. "In general," however, "a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *In re 650 Fifth Ave.*, Nos. 08-CV-10934 (KBF), 10-CV-4518 (KBF), 2015 WL 13700952, at *3 n.6 (S.D.N.Y. Apr. 17, 2015) (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)).

In short, Movants do not satisfy the "interest" prong of the test for intervention as of right. In light of that conclusion, the Court need not, and does not, address the remaining prongs of the test. *See Floyd*, 770 F.3d at 1057.

**B. Permissive Intervention**

In the alternative, Movants seek permissive intervention under Rule 24(b), "which provides that, on timely motion, intervention may be permitted to anyone who 'has a claim or defense that

---

*Storebrand Insurance Co., UK Ltd. v. Star Terminal Corp.*, No. 96-CV-9556 (DLC), 1997 WL 391125 (S.D.N.Y. July 11, 1997). *See* MBIC Reply 2-6; Industria Reply 16. But these cases are easily distinguished. In *Certified Multi-Media Sols.*, the movant sought to intervene as a plaintiff, where the plaintiff had *already* been found liable to the movant's insured in related litigation in state court. 2015 WL 5676786, at *4. In *UNI Storebrand*, the intervenor had already obtained a default judgment against the defendant in related litigation and intervened to enforce its judgment against the plaintiff, which was the defendant's insurance company. 1997 WL 391125, at *1-2. That is, neither case involved a double contingency of the sort presented here.

6

shares with the main action a common question of law or fact.'" *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 595 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 24(b)). Although permissive intervention is discretionary and should be construed liberally, *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018), a movant must establish timeliness and a common question of fact or law before a court can exercise its discretion, *Eddystone Rail Co.*, 289 F. Supp. 3d at 595. "[T]he words claim or defense in permissive intervention are not to be read in a technical sense" but rather should be read to require "some interest" in the subject matter of the litigation. *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011) (internal quotation marks and alterations omitted). Thus, even though Rule 24(b) requires a separate analysis, courts consider "substantially the same factors" under Rule 24(b) as they do under Rule 24(a), *"R" Best Produce*, 467 F.3d at 240, and "the considerations that render [a party] ineligible for intervention as of right under Rule 24(a)" can "militate strongly . . . against granting permissive intervention under Rule 24(b)," *Eddystone Rail Co.*, 289 F. Supp 3d at 595 (internal quotation marks omitted). A court must also "consider whether granting permissive intervention will unduly delay or prejudice the adjudication of the rights of the existing parties," *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (internal quotation marks omitted), but prejudice is only part of the analysis, *see U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) (calling for a holistic assessment of the Rule 24(a) factors and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal issues presented" (internal quotation marks omitted)).

Applying these standards here, the Court concludes that Movants fair no better under the more holistic assessment called for by Rule 24(b). First, as discussed above, Movants lack a direct and protectable interest in this litigation. Second, Industria and MBIC fail to demonstrate that their

"interest could be seriously impaired by the disposition of this litigation." MBIC Mem. at 5. Under New York law, a default judgment entered against a party in one action does not have preclusive effect on a non-party to that action in a subsequent litigation. *See, e.g.*, *Rojas v. Romanoff,* 186 A.D.3d 103, 109, (N.Y. App. Div. 2020); *Amalgamated Bank v. Helmsley-Spear, Inc.*, 109 A.D.3d 418, 419 (N.Y. App. Div. 2013). Thus, a default judgment in this action would not impair Industria's or MBIC's interests in any meaningful way. Third, the language of Rule 24(a) ties the adequacy analysis to the existence of a direct and protectable interest. *See* Fed. R. Civ. P. 24(a)(2) (making intervention mandatory for an intervenor with an interest in the litigation "unless existing parties adequately represent *that* interest" (emphasis added)); *see also, e.g.*, *Reilly*, 962 F.2d at 261 ("[T]he [proposed intervenors] could not demonstrate an interest *in the rulemaking schedule* that would not be adequately represented by [existing parties]."). In other words, the Court need not assess whether Bulson will adequately represent Movants' interests in the litigation if they have no such interest — and, as discussed above, they do not. Thus, "the considerations that render [Movants] ineligible for intervention as of right under Rule 24(a) here militate strongly as well against granting permissive intervention under Rule 24(b)." *Eddystone Rail Co.*, 289 F. Supp. 3d at 595 (internal quotation marks omitted).

Movants argue that their involvement in the litigation would "contribute to full development of the underlying factual issues in the suit" and that this is sufficient to satisfy Rule 24(b)'s common question requirement. Industria Reply 7-9 (internal quotation marks omitted). In particular, they contend that this action turns on "Mr. Wang's relationship with Bulson," which they "will and have investigated" as part of the Wang Litigation. *Id.* at 8-9. But the facts surrounding Mr. Wang's relationship with Bulson have already been well developed and constitute only a part of the controversy before the Court in this case. The more relevant factual questions here involve the construction of the Continental Policy — to which Movants were not parties — and the content of

8

Bulson and Continental's communications — to which Movants were not privy. *See* Compl. ¶¶ 36-41. The fact that Movants did not attempt to intervene in Continental's breach of contract, fraud, or unjust enrichment claims illustrates the problem. *Id*. ¶¶ 1, 42-57. Movants can provide no insight into the factual or legal questions underlying these claims, yet the declaratory judgment action relies on many of the same factual and legal determinations. Movants also contend that the Court's "principal consideration" in this analysis should be "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," MBIC Mem. 7 (quoting *Brennan*, 579 F.2d at 191), but the question of prejudice is relevant only if Movants demonstrate that common questions of law or fact exist, *see Eddystone Rail Co.*, 289 F. Supp. 3d at 595. Because they do not, Movants' request for permissive intervention falls short.

## CONCLUSION

For the foregoing reasons, Movants' motions to intervene are DENIED.

The hearing on Continental's pending default judgment motion is RESCHEDULED to **November 19, 2020**, at **3:00 p.m**. In light of the COVID-19 situation, the hearing will be held by telephone. To access the conference, counsel should call 888-363-4749 and use access code 5421540#. Members of the press and public may call the same number, but will not be permitted to speak during the conference. The parties are reminded to follow the procedures for teleconferences described in the Court's Emergency Individual Rules and Practices in Light of COVID-19, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman. Among other things, those procedures require counsel to provide advance notice of who will participate in the conference and the telephone numbers they will use to participate.

Bulson shall file any opposition to Continental's motion for default judgment no later than **November 17**, **2020**. In the event that Bulson appears or opposes the motion for default judgment prior to the hearing, the parties shall prepare to treat that proceeding as the initial pretrial

conference. That is, if Bulson appears, opposes the motion, or seeks a *nunc pro tunc* extension of the time to answer, then the parties shall follow the pre-conference procedures specified in the Court's order of May 5, 2020, including by submitting a joint letter addressing certain topics and a proposed case management plan no later than the Thursday prior to the conference. *See* ECF No. 8.

Finally, **within one business day**, Continental shall serve Bulson via overnight courier with a copy of this Memorandum Opinion and Order and file proof of such service on the docket.

The Clerk of Court is directed to terminate ECF Nos. 33 and 51.

SO ORDERED.

Dated: November 10, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge